UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DEVONA C. GOODLOW,

    Plaintiff,

v.

RECEIVABLES MANAGEMENT
PARTNERS, LLC,

    Defendant.

Case No. 1:20-cv-05839

## COMPLAINT

**NOW COMES** Plaintiff, DEVONA C. GOODLOW, by and through her undersigned counsel, complaining of Defendant, RECEIVABLES MANAGEMENT PARTNERS, LLC, as follows:

## NATURE OF THE ACTION

1. This action seeks redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. DEVONA C. GOODLOW ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in this federal jurisdiction.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. RECEIVABLES MANAGEMENT PARTNERS, LLC ("Defendant") is a limited liability company organized and existing under the laws of the state of Delaware.

1

7. Defendant maintains a principal place of business in Indianapolis, Indiana.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) as the principal purpose of Defendant's business is the collection of debt owed to others.

## FACTUAL ALLEGATIONS

9. Plaintiff obtained medical treatment from Edward Hospital.

10. Due to financial difficultly, Plaintiff was unable to pay the complete amount owed to Edward Hospital for the medical services ("subject debt").

11. The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(6).

12. The subject debt was eventually placed with Defendant for collection.

13. On July 07, 2020, Defendant mailed Plaintiff a letter in an attempt to collect the subject debt ("Defendant's Letter").

14. Defendant's Letter depicted, in pertinent part, as follows:



15. Defendant's Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

16. Defendant's Letter did not conspicuously identify what discount or settlement offer was being offered by Defendant.

17. Specifically, Defendant's Letter stated in bold language "**DISCOUNT OFFER**".

18. Defendant's Letter continued with "Your creditor may be offering a discount for payment in full of your account. Please contract our office at 800-299-0045 to see if your account(s) qualifies."

19. Furthermore, Defendant's Letter stated "We are not obligated to renew this offer".

20. Defendant's Letter confused Plaintiff as she was unable to determine if there was an offer provided and specifically what offer Defendant was not obligated to renew.

21. Plaintiff was terribly confused about what this letter was attempting to offer if anything.

22. As Plaintiff continued to read Defendant's Letter it stated "Please see reverse side for important information".

23. Plaintiff looked to the back of the letter hoping to find some clarity regarding the offer, however the back of Defendant's Letter was blank.

24. Upon information and belief, Defendant specifically designed their letter Collection Letter to be ambiguous, confusing and misleading in order to coerce Plaintiff into calling Defendant so they could attempt to collect the subject debt.

25. Accordingly, Plaintiff was deprived of her right to receive critical, clear and non-misleading information required by the FDCPA.

## DAMAGES

26. Congress enacted the FDCPA to rein in certain "evils" associated with debt collection," *Bentrud v. Bowman, Heintz, Boscia & Vician, P.C.*, 794 F.3d 871, 874 (7th Cir. 2015), because existing legal remedies were, in its judgment, "inadequate to protect consumers." 15 U.S.C. § 1692(b).

3

27. To address those practices, the FDCPA imposes a "rule against trickery." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 473 (7th Cir. 2007); see also *O'Rourke v. Palisades Acquisition XVI, LLC*, 635 F.3d 938, 941 (7th Cir. 2011) (noting that the FDCPA's prohibitions "keep consumers from being intimidated or tricked by debt collectors").

28. The statute thus gives debtors a right to receive accurate information, which they can enforce against debt collectors by bringing suit under the FDCPA. See *Hahn v. Triumph P'ships LLC*, 557 F.3d 755, 757 (7th Cir. 2009) ("The [FDCPA] is designed to provide information that helps consumers to choose intelligently ... .").

29. The value of receiving truthful information about one's financial affairs—and the ill effects of receiving misleading information—may be hard to quantify, especially where, as here, the plaintiff did not act upon the misinformation.

30. But being lied to in violation of an anti-trickery statute like the FDCPA is a concrete harm nevertheless. See *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 373-74, 102 S. Ct. 1114, 71 L. Ed. 2d 214 (1982) (holding that a plaintiff "who has been the object of a misrepresentation made unlawful" by federal statute suffered an injury in fact and thus had Article III standing).

31. Plaintiff was left unsure as to (and could not deduce from reading the Letter) what settlement offer Defendant and or the creditor were not obligated to renew.

32. Concerned with having had her rights violated, Plaintiff was forced to retain counsel; therefore, expending time and incurring attorney's fees to vindicate his rights.

## **CLAIMS FOR RELIEF**

### **COUNT I:**
### **Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)**

33. All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**Violation(s) of 15 U.S.C. § 1692e**

34. Section 1692e provides:

A Debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

    (10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

35. Defendant violated 15 U.S.C. §1692e(10) by providing a misleading and false representation regarding an alleged settlement offer.

36. Defendant's Letter did not conspicuously identify what offer was being presented by Defendant.

37. Specifically, Defendant's Letter stated in bold language "**DISCOUNT OFFER**".

38. Defendant's Letter continued with "Your creditor may be offering a discount for payment in full of your account. Please contract our office at 800-299-0045 to see if your account(s) qualifies."

39. Furthermore, Defendant's Letter stated "We are not obligated to renew this offer".

40. Defendant's Letter confused Plaintiff as she was unable to determine if there was an offer provided and specifically what offer Defendant was not obligated to renew.

41. Plaintiff was terribly confused about what this letter was attempting to offer if anything.

42. As Plaintiff continued to read Defendant's Letter it stated "Please see reverse side for important information".

43. Plaintiff looked to the back of the letter hoping to find some clarity regarding the offer, however the back of Defendant's Letter was blank.

44. Simply put, Plaintiff was terribly confused as to what Discount and or Settlement offer Defendant was referring to when they stated they are not obligated to renew this offer.

45. Although the word "confusing" does not appear in section 1692e, the Seventh Circuit has "interpreted the FDCPA to prohibit confusing presentations". See *O'Boyle v. Real Time Resolutions, Inc*. 910F.3d 338, 343(7th Cir. 2018).

46. Under this standard something could literally be true; however, still be misleading or confusing.

47. Upon information and belief, Defendant specifically designed their letter Collection Letter to be ambiguous, confusing and misleading in order to coerce Plaintiff into calling Defendant so they could attempt to collect the subject debt.

48. As pled above, Plaintiff was confused by Defendant's Letter. Plaintiff's confusion impacted her decision to pay the subject debt and thus Defendant's omission was material.

**Intentionally Left Blank**

**WHEREFORE**, Plaintiff requests the following relief:

A.      a finding that Defendant violated 15 U.S.C. § 1692e(10);

B.      an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C.      an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.      an award of attorney's fees and costs; and

E.      an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: September 30, 2020            Respectfully submitted,

DEVONA C. GOODLOW

By: */s/ Victor T. Metroff*

Victor T. Metroff
Mohammed O. Badwan
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8180
mbadwan@sulaimanlaw.com
vmetroff@sulaimanlaw.com